**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:24-cv-00037-MR-WCM**

**WAYNE K. SMITH SR.**, Individually and as Personal Representative of the Estate of **WAYNE K. SMITH JR.**, deceased,

**Plaintiff,**

V.

**POLK COUNTY**, *et. al.*,

**Defendants.**

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e), OR IN THE ALTERNATIVE, 60(b)(2) AND 60(b)(6), AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

**NOW COMES** Plaintiff, Wayne K. Smith Sr., Individually and as Personal Representative of the Estate of Wayne K. Smith Jr. ("Decedent"), deceased, by and through undersigned counsel, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 59(e), or in the alternative, 60(b)(2) and 60(b)(6) for relief from the Court's April 7, 2025 Order (Doc. 14) to the extent it denied Plaintiff leave to amend the complaint, and for contemporaneous leave pursuant to Rule 15(a)(2) to file the proposed Third Amended Complaint, attached hereto as Exhibit A.

In support of this motion, Plaintiff states:

1. The Court dismissed Plaintiff's failure to train, negligent hiring, and *Monell* claims on the ground that the First Amended Complaint failed to identify any specific training deficiency, any prior incidents demonstrating a need to train, or any

official policy or custom giving rise to the alleged constitutional violation. That ruling was entered before any discovery had taken place.

2. Discovery conducted between January and March 2026 — including the depositions of Deputy Page, Sheriff Wright, and Chief Deputy Ramsey, and the production of personnel records through third-party subpoenas to the Rutherfordton Police Department, Saluda Police Department, and the NC Sheriff's Standards Division — has revealed substantial evidence that was unavailable at the pleading stage and that directly supplies the specific factual allegations this Court found lacking.

3. Specifically: Deputy Page received no training, reprimand, or corrective action after causing a fatal on-duty crash in April 2020; Chief Deputy Ramsey withheld Page's prior driving history and termination record from Sheriff Wright during the hiring process and administered no pre-employment polygraph; Sheriff Wright never reviewed Page's application, never interviewed him, and holds the institutional view that prior on-duty accidents are not relevant to internal investigations; and the PCSO General Orders Manual expressly required immediate corrective action following performance inadequacies that exposed the public to danger — a mandate PCSO ignored following two on-duty fatalities.

4. This evidence could not have been obtained before the April 7, 2025 order, was developed with reasonable diligence during the discovery period, is material to the dismissed claims, and would produce a different result if considered, satisfying the standard for relief under Rule 59(e) and, in the alternative, Rules 60(b)(2) and 60(b)(6).

5. Leave to amend is warranted because the proposed Third Amended Complaint translates this developed factual record into specific, targeted allegations that cure each deficiency the Court identified, is not futile, causes no undue prejudice to Defendants who have litigated these theories since the case was filed, and reflects no bad faith or dilatory motive.
6. In the alternative, to the extent relief from judgment is not granted, Plaintiff seeks leave to add claims that were never the subject of the prior dismissal.
7. This motion is filed within the operative motions deadline of May 9, 2026. A Memorandum of Law in Support is filed contemporaneously herewith.

**WHEREFORE**, Plaintiff respectfully requests that this Court Plaintiff respectfully requests that the Court grant relief from the April 7, 2025 Order and grant leave to file the proposed Third Amended Complaint attached as Exhibit A.

Respectfully submitted this 15th day of April, 2026.

*/s/Sharika M. Robinson*
SHARIKA M. ROBINSON
North Carolina Bar No.: 44750
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
srobinson@sharikamrobinsonlaw.com
*Counsel for Plaintiff*

*/s/ Daniel W. Dahnke*

DANIEL W. DAHNKE,
North Carolina Bar No.: 63859
DANIEL W. DAHNKE ATTORNEY AT LAW, PLLC
35 Fairway Lane, Ext.,
Spruce Pine, NC 28777
Telephone: (828) 520-1061
daniel@dwdattorney.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, the foregoing was filed with the Clerk of Court using the court s CM/ECF system, which will send electronic notice to all counsel of record, as follows:


Sean F. Perrin, Partner
Womble Bond Dickinson (US) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202-6050
Telephone: (704) 331-4992
sean.Perrin@wbd-us.com
*Attorney for Defendants*


This, 15th day of April, 2026.


*/s/Sharika M. Robinson*
SHARIKA M. ROBINSON
North Carolina Bar No.: 44750
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
srobinson@sharikamrobinsonlaw.com
*Counsel for Plaintiff*