**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00037-MR-WCM**

| | |
|---|---|
| WAYNE K. SMITH, SR., Individually and as Personal Representative of the Estate of Wayne K. Smith, Jr., deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| POLK COUNTY, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF
DECISION AND ORDER**

**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel Non-Party North Carolina State Highway Patrol to Comply with Subpoena and for Fees [Doc. 46] and Motion to Compel Defendant to Answer Plaintiff's Second Set of Interrogatories and for Fees [Doc. 57].

## I.     BACKGROUND

This action arises from the circumstances of the Decedent Wayne K. Smith, Jr.'s death.  On February 2, 2021, Defendant Deputy Ben Page noticed the Decedent speeding, activated his blue lights, and pursued the Decedent.  [Doc. 4 at ¶¶ 36-40].  The vehicles exceeded 75 miles per hour in a 45 mile-per-hour zone, and, as the vehicles neared a curve in the road,

the Decedent's vehicle "spun out of control and collided into a tree." [Id. at ¶¶ 38, 42-45]. The collision caused the Decedent's death. [Id. at ¶ 50].

On February 2, 2024, the Plaintiff Wayne K. Smith, Sr., individually and as the personal representative of the Decedent, initiated this action asserting various constitutional violations pursuant to 42 U.S.C. § 1983, violation of 42 U.S.C. § 1981, and claims for wrongful death, battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages. [Doc. 1]. On April 7, 2025, the Court dismissed all of the Plaintiff's claims except for a § 1983 deliberate indifference claim stemming from Defendant Page's alleged actions after the Decedent crashed into a tree, and the Plaintiff's corresponding claim for punitive damages. [Doc. 14].

The Plaintiff has now filed two motions to compel that are currently pending: one against non-party North Carolina State Highway Patrol ("NCSHP"), and another against Defendant Page. [Docs. 46, 57]. Having been fully briefed,[1] both motions are ripe for disposition.

---

[1] The Plaintiff did not file a Reply in support of the motion to compel NCSHP, but the time period within which to do so expired on May 18, 2026.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010).  The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

3

## III. DISCUSSION

### A. Motion to Compel the North Carolina State Highway Patrol

On April 11, 2026, the Plaintiff moved to compel non-party NCSHP to comply with a Rule 45 subpoena that requested records of Defendant Page's vehicle accident history across a period of sixteen years, records of any instances of NCSHP's interactions with Defendant Page, and records of two vehicle collisions in 2020 in which Defendant Page was involved. [Doc. 46 at 1-2]. The Plaintiff contends that Defendant Page's "driving history, disciplinary record, and prior conduct in similar situations are directly relevant to the surviving [deliberate indifference] claim and [Defendant Page's] credibility." [Doc. 46-1 at 3]. The Court notes, however, that the relevance of such discovery to the deliberate indifference claim is, at best, tenuous.

Exhibits filed with the Plaintiff's motion and NCSHP's response reveal that the parties were engaged in productive communications regarding the subpoena until the Plaintiff filed the motion to compel, and that NCSHP has diligently attempted to comply with the subpoena. On April 6, 2026, NCSHP informed the Plaintiff's counsel via email that, pursuant to a routine retention schedule, NCSHP no longer possessed the requested records of the two 2020 collisions. [Doc. 46-4 at 2]. In that same email, NCSHP also offered to search certain email inboxes with particular parameters in order to comply

with the subpoena.  [Id.].  Counsel for the Plaintiff appears not to have replied to NCSHP until five days later, at 12:27pm on Saturday, April 11, 2026, at which time counsel for the Plaintiff posed several questions to NCSHP.  [Id. at 1].  Then, instead of waiting for a response from NCSHP, the Plaintiff filed a motion to compel NCSHP later that evening.  [Doc. 46; Doc. 62-9 at 1].  In the memorandum in support of that motion, the Plaintiff represents that the Plaintiff accepted NCSHP's April 6, 2026 offer to conduct an email inbox search for records and then states that "[a]n agreement to search is meaningless without production of results."  [Doc. 46-1 at 20].  At the time of filing that statement, however, the Plaintiff appears to have given NCSHP only seven hours on a Saturday afternoon to produce the results in question.  Moreover, there is no indication that counsel for the Plaintiff attempted to consult with NCSHP regarding the motion to compel as required by Local Rule 7.1(b) before filing the motion.  See LCvR 7.1(b).  Additionally, since the filing of the motion to compel, NCSHP appears to have continued to attempt to comply with the subpoena.  See [Doc. 62-11]; see also [Doc. 87 at 5].

Accordingly, the Court concludes that the Plaintiff's motion to compel NCSHP was filed prematurely, unnecessarily, and without the consultation required by the Local Rules.  The Court will therefore deny the Plaintiff's motion to compel NCSHP.

## B.    Motion to Compel Defendant Page

On April 30, 2026, the Plaintiff moved to compel Defendant Page "to substantively respond to Plaintiff's second set of interrogatories."[2]  [Doc. 57 at 1].   Specifically, the Plaintiff has requested that Defendant Page provide information regarding an incident in July 2017 when Defendant Page allegedly pointed a loaded gun at a television, as well as information regarding Defendant Page's separation from employment as a part-time deputy with the Polk County Sheriff's Office in February 2013.  [Doc. 57-2 at 4].    The Plaintiff contends that such information is relevant to whether Defendant Page knew or should have known that failure to provide medical aid to the Decedent posed an unjustifiably high risk of harm to the Decedent because the information concerns Defendant Page's competence, judgment, and fitness to serve as a law enforcement officer.  [Doc. 57-1 at 11-12]; see also [Doc. 84 at 4-6].

The Defendant objected to the Plaintiff's request on grounds that the interrogatories are not relevant to the Plaintiff's deliberate indifference claim. [Doc. 57-2 at 4].  The Defendant contends that the interrogatories do not

---

[2] The Plaintiff also takes issue with the lack of notarization on Defendant Page's responses to the Plaintiff's interrogatories.  [Doc. 57-1 at 14-15; Doc. 84 at 6-7].  In compliance with 28 U.S.C. § 1746, however, Defendant Page verified his responses to the Plaintiff's interrogatories "under penalty of perjury."  [Doc. 57-2 at 6].  The Plaintiff's argument that the language of Defendant Page's verification amounts to a significant departure from the language of § 1746 is not well taken.

6

implicate any of the elements of the Plaintiff's deliberate indifference claim and instead seek irrelevant information regarding events four and eight years prior to the incident at issue in this matter.  [Doc. 66 at 3-4].

The Court concludes that the events about which the Plaintiff seeks to compel discovery are not relevant to the Plaintiff's deliberate indifference claim because such events have no bearing on whether the Defendant acted or failed to act to appropriately address the Decedent's medical needs, or on whether the Defendant knew or should have known that the Decedent had a medical need and that the Defendant's action or inaction posed an unjustifiably high risk of harm.  See Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023) (stating the elements of a claim for deliberate indifference to a medical need).   The Court further concludes that the temporal distance of the events about which the Plaintiff seeks to compel discovery from the incident at issue also weighs against the relevance of the requested information.  Accordingly, the Court will deny the Plaintiff's motion to compel Defendant Page.

## IV.   CONCLUSION

The Plaintiff's motions to compel reveal that the Plaintiff is seeking expansive discovery for what is, at root, a narrow issue: namely, whether Defendant Page was deliberately indifferent to the Decedent's medical

needs after the Decedent crashed into a tree.  The Court will deny both motions.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel Non-Party North Carolina State Highway Patrol to Comply with Subpoena and for Fees [Doc. 46] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Compel Defendant to Answer Plaintiff's Second Set of Interrogatories and for Fees [Doc. 57] is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed: June 2, 2026

Martin Reidinger
Chief United States District Judge