**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-cv-00037-MR-WCM**

| | |
|---|---|
| **WAYNE K. SMITH SR.**, Individually and as Personal Representative of the Estate of **WAYNE K. SMITH JR**., deceased, <br><br> **Plaintiff,** <br><br> V. <br><br> **POLK COUNTY**, *et. al.*, <br><br> **Defendants.** | **PLAINTIFF'S COUNSEL'S LETTER TO THE COURT ABOUT ARTIFICIAL INTELLIGENCE** |

---

This Court issued a standing order related to artificial intelligence ("AI") on June 18, 2024 (the "Order"). (A copy is attached hereto as **Exhibit A**). The Order was entered to mitigate its concern that legal cases and arguments are unsupported. An attorney or party must certify that:

1.     No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lex1.s, FastCase, and Bloomberg;

2.     Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction ( or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*Id.*

Pursuant to the June 3, 2026 Order entered by this Court, regarding failures to submit proper AI certification under Docket 98, undersigned counsel for Plaintiff issues a direct and sincere apology to this Court. (Dkt. 98). The answers to the Court's questions are as follows:

Plaintiff's counsel did not attach the proper certification to briefs based on an inadvertent mistake—counsel's standing briefs did not have the proper certification. Plaintiff's counsel will and has attached the AI certification moving forward. Plaintiff would not and was not trying to be flippant with the Court.

In terms of the AI certification, Plaintiff's counsel does not use AI to conduct legal research. Plaintiff's counsel uses LexisNexis. (A copy of Plaintiff's counsel's LexisNexis bill is attached as **Exhibit B**). Plaintiff's counsel used LexisNexis to research authority for the underlying motion. A copy of Plaintiff's counsel's research is attached. (Plaintiff's counsel's research is attached as **Exhibit C**). Plaintiff started work on the underlying motion about a week in advance and resumed around 4:00 a.m. on April 15, 2026.

To ensure the accuracy of citations, Plaintiff's counsel runs briefs through LexisNexis brief analysis. LexisNexis checks citations and quotes. It is Plaintiff's counsel's practice to run this check prior to submission to the Court. If Plaintiff's counsel sees something that is alarming, Plaintiff's counsel fixes the error. Plaintiff's counsel could not locate the exact prior LexisNexis brief analysis submission but attaches the submission run through the LexisNexis to check the

citations for reference. (Plaintiff's counsel's May 7, 2026 LexisNexis brief analysis is Attached as **Exhibit D**). The errors were not caught, and Plaintiff's counsel will properly determine what she is doing wrong in the future, and again, does not defer her responsibility but only provides this as context of her inadvertent errors and attempts to comply and submit well-written materials to the Court.

Plaintiff's counsel has AI embedded in her practice. Plaintiff's counsel's AI program cannot conduct research and cannot hallucinate; it is a closed program. Plaintiff's counsel's AI program is narrowly tailored to the legal profession. Plaintiff's counsel does not use ChatGPT or other platforms as a source for legal authority or research out of fear of loss of privilege and hallucinations.

The Court has identified errors associated with Plaintiff's counsel's work. There was a citation error, and the brief was poorly cited. Plaintiff's counsel is embarrassed and makes no excuse for the quality of her work, and AI cannot be blamed here. While Plaintiff's counsel must be the origin, she understands the impact that her errors have on the quality of submissions provided to the Court and that there is no distinction—error is error. Plaintiff's counsel accepts full responsibility and blame. Plaintiff's counsel should have checked and vetted her work better. Plaintiff's counsel also understands that it is not good enough that the principal of a case be true or that a case be a real citation; this was an improper quote. Plaintiff's counsel accepts that the quality of her work needs to be precise. If there was any doubt about allaying responsibility, Plaintiff's counsel says directly

that she made the errors, accepts full responsibility, attempted to properly verify her work and fell short.

Plaintiff's counsel sincerely apologizes for the mistakes and errors in the documents she submitted to this Court and the waste of its resources. Plaintiff's counsel accepts full responsibility, and this experience was both humbling and hard. Plaintiff's counsel has been admitted to practice in this Court for over a decade; she does not take this lightly. In weighing the balance of punishment, Plaintiff's counsel informed the Court that she was in an accident.

Plaintiff's counsel did not say that she was in an accident to defer responsibility for her errors. Plaintiff's counsel would only ask the Court to consider that her blood pressure was 181/123. (A copy of Plaintiff's medical visit on April 14, 2026, is attached hereto as **Exhibit E**). Plaintiff's counsel did experience health concerns, such as blurred vision, that had an impact on her sight. Plaintiff's counsel believes this was associated with the pain and stress from the accident.

Moving forward, Plaintiff's counsel has made changes to her practice. Plaintiff's counsel has added additional time to more thoroughly vet her work so that it is a better product. Plaintiff's counsel has also re-reviewed this Court's Local Rules.

In summation, Plaintiff's counsel requests leniency from the Court for her failures and would be grateful to the Court for its leniency.

Respectfully submitted, this 9th day of June, 2026

*/s/ Sharika M. Robinson*

SHARIKA M. ROBINSON
North Carolina Bar No. 44750
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, North Carolina 28262
Telephone: (704) 561-6772
Facsimile: (704) 561-6773
Email: srobinson@sharikamrobinsonlaw.com
*Counsel for Plaintiff*

*/s/ Daniel W. Dahnke*

DANIEL W. DAHNKE,
North Carolina Bar No.: 63859
DANIEL W. DAHNKE ATTORNEY AT LAW,
PLLC
35 Fairway Lane, Ext.,
Spruce Pine, NC 28777
Telephone: (828) 520-1061
E-mail: daniel@dwdattorney.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, the foregoing was filed with the Clerk of

Court using the court s CM/ECF system, which will send electronic notice to all

counsel of record, as follows:

Sean F. Perrin, Partner
Womble Bond Dickinson (US) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202-6050
Telephone: (704) 331-4992
sean.Perrin@wbd-us.com
*Attorney for Defendants*

This, 9th day of June, 2026.

*/s/Sharika M. Robinson*

SHARIKA M. ROBINSON
North Carolina Bar No.: 44750

The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
E-mail: srobinson@sharikamrobinsonlaw.com
*Counsel for Plaintiff*

## CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted, this, 9th day of June, 2026.

*/s/Sharika M. Robinson*

SHARIKA M. ROBINSON
North Carolina Bar No.: 44750
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
Telephone: (704) 561 6771
Telefax: (704) 561-6773
E-mail:
srobinson@sharikamrobinsonlaw.com
*Counsel for Plaintiff*